IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANITA GORMAN,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   Case No. 10-CV-2253 JAR/KMH |
| KANSAS DEPARTMENT OF LABOR;<br>  and<br>MICHAEL MAHAN,<br>    In his individual capacity;<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT
## JURY TRIAL DEMANDED

1. This is a Complaint for declaratory and injunctive relief and damages brought under the provisions of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq.; Title II of the Americans with Disabilities Act, 42 U.S.C. 12131, et seq.; and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq.

2. Jurisdiction is established pursuant to 28 USC 1331 because this action arises under federal law.

3. Venue is proper in this Court under the provisions of 28 USC 1391(b).

4. Plaintiff Anita Gorman is a resident of Shawnee County, Kansas, and has been a resident during all times relevant to this action.

5. Plaintiff Anita Gorman has been employed with the State of Kansas for 23 years, the last six and one-half years of which has been with the Department of Labor.

1

6. Defendant Kansas Department of Labor is a state agency that receives federal funding, and is and has been the Plaintiff's employer, as defined under both the Americans with Disabilities Act and the Civil Rights Act of 1964. for all times relevant to this Complaint.

7. Defendant Michael Mahan is an employee of the State of Kansas, Department of Labor, and occupies the position of State Auditor III. Defendant Mahan was the supervisor of Plaintiff Gorman during all times relevant to this Complaint.

8. On February 18, 2008, Plaintiff was transferred within the Department of Labor to the Topeka, Kansas office. Defendant Mahan was assigned as Plaintiff's supervisor at that time.

## Count I

## Sexual Harassment and/or Sexual Discrimination

9. Plaintiff hereby incorporates those facts as stated in paragraphs 1 through 8 above.

10. During weekly staff meetings, the conduct and statements of the Plaintiff's supervisor, Michael Mahan, contained sexual overtones and innuendo.

11. Defendant Mahan's statements included inappropriate and sexually based comments regarding breast-feeding, women's cleavage, bodily functions, and other derogatory comments concerning fellow employees within the Department of Labor, which were objectively and subjectively offensive toward women and Plaintiff Gorman.

12. Defendant Mahan generated and forwarded offensive emails to the Plaintiff and other employees under his supervision on February 25, 2009 (offensive jokes

       regarding "And then the Fight Started"); May 07, 2009 (regarding "Grandpa and the IRS"); August 12, 2009 (pertaining to political "Right-Handed Bumper Stickers"); and on May 17, 2009 (depicting offensive hand gestures titled "Weather warning").

13.    On August 13, 2009, Defendant Mahan called Plaintiff Gorman and other female employees into his cubicle, at which time he showed offensive computer generated pictures of male genitalia and depicting a male undergoing a prostate exam.

14.    On August 17, 2009, Defendant Mahan asked questions of Plaintiff Gorman regarding whether she had ever had sexual intercourse with a police officer. Defendant Mahan further questioned Plaintiff Gorman as to whether she had ever engaged in, or considered engaging in, homosexual acts with other females, recommending that she should consider engaging in homosexual activities and then proceeded to discuss other homosexual relationships within the Department of Labor.

15.    Plaintiff seeks remedies including but not limited to damages, attorney's fees and `costs due to Defendant's violation of Title VII of the Civil Rights Act of 1964 which have resulted in continued harassment, stress and embarrassment.

## Count II

## Discriminatory Actions As A Result Of A Perceived Disability Under The Americans With Disabilities Act Of 1990

16. The Department of Labor has regarded Plaintiff Gorman as having a disability and Defendant Mahan has prevented her use of State owned vehicles or from using her own personal vehicle for State business since March 12, 2009.

17. Despite Plaintiff Gorman's physician's documented opinion that she may return to full duties, other than a limitation on the number of stairs she may climb, Defendant Mahan has refused to allow her to use State vehicles to perform required duties of her employment position.

18. The restrictions imposed by the Department of Labor by and through Defendant Mahan, are discriminatory in nature and result in hardship and unfair treatment of Plaintiff Gorman. The restrictions placed upon Plaintiff are not substantiated by medical evidence, and violate the ADA.

19. Plaintiff has received her "right to sue" letter for her sexual harassment and disability discrimination complaints under the authority of the United States Equal Employment Opportunity Commission (EEOC) and United States Department of Justice. A copy of the letter is attached hereto.

20. Plaintiff seeks injunctive relief wherein the defendant's are prohibited from imposing restrictions upon the Plaintiff which are not substantiated by medical evidence including her use of state owned motor-vehicles as well as damages, costs and attorney's fees due to Defendant's violation of Title I and II of the Americans with Disabilities Act.

WHEREFORE, the Plaintiff prays that judgment be entered on her behalf on the merits of her claims and that she be awarded injunctive relief, actual and punitive damages, her costs and attorney's fees and such other relief as deemed appropriate by this Court.

Respectfully submitted,

*/s/ George B. Belohlavek*

KAUFFMAN & EYE, Attorneys at Law
Kelly J. Kauffman, Ks Sup. Ct. No. 23161
Robert V. Eye, Ks. Sup. Ct. No. 10689
George B. Belohlavek, Ks Sup. Ct. No. 23831
112 SW 6th Ave., Ste 202
Topeka, Kansas 66603
785-234-4040
785-234-4260 fax
kelly@kauffmaneye.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as permitted by applicable law.

*George B Belohlavek*
Kauffman & Eye, Attorneys at Law
Kelly J. Kauffman, Ks Sup. Ct. No. 23161
Robert V. Eye Ks. Sup. Ct. No. 10689
George B. Belohlavek, Ks Sup. Ct. No. 23831
112 SW 6th Ave., Ste 202
Topeka, Kansas 66603
785-234-4040
785-234-4260 fax
kelly@kauffmaneye.com

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas as the place of trial of this action.

*George B Belohlavek*
Kauffman & Eye, Attorneys at Law
Kelly J. Kauffman, Ks Sup. Ct. No. 23161
Robert V. Eye Ks. Sup. Ct. No. 10689
George B. Belohlavek, Ks. Sup. Ct. No. 23831
112 SW 6th Ave., Ste 202
Topeka, Kansas 66603
785-234-4040
785-234-4260 fax
kelly@kauffmaneye.com

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

| To: | Anita D. Gorman<br>5651 S. W. Foxcroft Circle South<br>Apt #103<br>Topeka, KS 66614 | From: | Kansas City Area Office<br>Gateway Tower II<br>400 State Avenue<br>Kansas City, KS 66101 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2010-15645 | Faye McClairen, Investigator | (913) 551-5841 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Billie I. Ashton,*
*Director*

02/03/10
*(Date Mailed)*

Enclosures(s)

cc:  Janet Palmer
Human Resource Director
KANSAS DEPARTMENT OF LABOR
401 S.W. Topeka Boulevard
Topeka, KS 66603